**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **CHARLEY JOHNSON,** | ) |
| **Plaintiff,** | ) |
| v. | )   CIVIL ACTION NO. 5:22-cv-360 (MTT) |
| **Commissioner TIMOTHY WARD, et al.,** | ) |
| **Defendants.** | ) |

**ORDER**[1]

Plaintiff Charley Johnson objects to United States Magistrate Judge Charles H. Weigle's (1) December 8, 2022 order for Johnson to file appropriate forms to proceed *in forma pauperis* and to recast his complaint, and (2) December 20, 2022 order denying an extension of time to file an interlocutory appeal.[2]  Docs. 3; 5; 8; 12.  The bases for Johnson's objections primarily stem from his visual impairments.  Docs. 5; 12.

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the

---

[1] Although Johnson has filed a notice of interlocutory appeal (Doc. 10), it is to a nonappealable order (Doc. 3) and therefore the Court is not divested of jurisdiction. *United States v. Saintil*, 705 F.2d 415, 418-19 (11th Cir. 1983) (citation and internal quotation marks omitted) ("Filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction.").

[2] Johnson filed a third objection, but it is unclear as to which order he objects.  Doc. 17.  He states it is regarding "the order dated 12-27-2022 received 1-5-2023." *Id.*  But neither the Magistrate Judge nor the Court filed any orders on December 27, 2022.  It appears that Johnson is objecting to the December 27, 2022 Notice of Deficiency, in which the Clerk of Court notified Johnson that discovery is not filed in the Middle District of Georgia.  Doc. 17-1.  This is not an order and is not subject to the Court's review.  Johnson attached to this objection a document titled "Authority in support of claims, broken jaw, denial of effective medical attention, negligence."  Doc. 17-2.  Johnson was ordered to file a recast complaint and was given specific instructions regarding how to do so.  Doc. 3.  Johnson needs to assert his claim or claims in the recast complaint.  14 at 1; 17-2.  Accordingly, Johnson's third objection (Doc. 17) is **REJECTED**.

required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order with 14 days after being served with a copy … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In his objection to the Magistrate Judge's December 8, 2022 Order, Johnson requests discovery to identify the appropriate defendants and counsel.  Doc. 5. Johnson has since filed motions to appoint counsel and to produce documents.  Docs. 6; 9; 16.  After review, the Court finds that the Magistrate Judge's December 8, 2022 Order was not clearly erroneous or contrary to law.  Accordingly, Johnson's first objection (Doc. 5) is **REJECTED**, and the Magistrate Judge's Order (Doc. 3) is **AFFIRMED**.

Regarding the Magistrate Judge's December 20, 2022 Order, Johnson argues that the Eleventh Circuit should decide whether to allow an interlocutory appeal, and requests 30 days to file a recast complaint.  Doc. 12.  The Magistrate Judge granted Johnson's request for an extension of time to file his recast complaint.  Doc. 14 at 1. After review, the Court does not find that the Magistrate Judge's December 20, 2022 order was clearly erroneous or contrary to law.  Accordingly, Johnson's second objection (Doc. 12) is **REJECTED**, and the Magistrate Judge's order (Doc. 8) is **AFFIRMED**.

**SO ORDERED**, this 13th day of January, 2023.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT