# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHARLEY JOHNSON, | : |
| Plaintiff, | : |
| VS. | : NO. 5:22-CV-360-MTT-CHW |
| Commissioner TIMOTHY WARD; *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff's original complaint, dated September 28, 2022 and missing one page, is a shotgun pleading in which Plaintiff raised numerous unrelated claims that he failed to link to the named Defendants. ECF No. 1. Plaintiff sought damages and release from incarceration due to the prison's lack of resources for the disabled, his loss of personal property, an inadequate grievance system, an attack by another inmate in which Plaintiff's nose and jaw were broken, a lack of medical care for the broken nose and jaw, and the improper change of his maximum release date. ECF Nos. 1; 3 at 2-3.

On December 8, 2022, Plaintiff was ordered to file a recast complaint and to submit the appropriate paperwork to proceed *in forma pauperis*. ECF No. 3. United States Magistrate Judge Charles H. Weigle gave Plaintiff specific instructions regarding how to recast his complaint. *Id*.

Instead of complying with the December 8, 2022 Order, Plaintiff filed both an objection (ECF No. 5) and an interlocutory appeal (ECF No. 10) of the Magistrate

Judge's Order. The Court rejected Plaintiff's Objection. ECF No. 18. The Eleventh Circuit Court of Appeals dismissed Plaintiff's interlocutory appeal for lack of jurisdiction. ECF No. 25 at 1 ("[Plaintiff] appeals from the magistrate judge's December 8, 2022 Order directing him to file an amended complaint. However, we lack jurisdiction to directly review a magistrate judge's order.").

Plaintiff filed the necessary *in forma pauperis* forms (ECF Nos. 7; 13) and moved for an additional thirty days to file the recast complaint (ECF No. 12). The Magistrate Judge ordered Plaintiff to pay an initial partial filing fee in the amount of $14.33 and gave Plaintiff an additional thirty days to file his recast complaint. ECF No. 14.

Plaintiff failed to do either. On February 15, 2023, Plaintiff was ordered to show cause why his case should not be dismissed for failure to follow the Court's Orders. ECF No. 27.

On February 28, 2023, Plaintiff responded to the Order to Show Cause. Plaintiff did not, however, file his recast complaint or pay the initial partial filing fee. Instead, Plaintiff stated that "on or around February 7, 2023 [his] sister mailed to this Court the Plaintiff's recast complaint by overnight certified mail from her home in Gainesville, G[eorgia]." ECF No. 28 at 1. Though difficult to decipher, Plaintiff seemed to indicate that he had "his certified mailing receipt." *Id*. Plaintiff did not, however, provide a copy of this certified mailing receipt so that the Court could verify and perhaps locate his recast complaint. Plaintiff also stated he sent a letter to the Offender Business Office in which he requested that $14.33 be deducted from his account and paid to the Court. *Id*.

On March 3, 2023, the Court issued a second Order to Show Cause in which it

ordered Plaintiff to provide a copy of his certified mailing receipt so the Court could attempt to find his recast complaint by determining where the envelope was mailed and who signed for it. ECF No. 29. The Court also ordered Plaintiff to either pay the $14.33 filing fee or provide the Court with the following information: (1) the name of the prison official from whom he requested the initial partial filing fee be deducted and forwarded to the Court; (2) the date he made this request; (3) the name of the prison official who refused to deduct the initial partial filing fee; and (4) the date he was notified that the prison official would not deduct the initial partial filing fee. *Id*. Plaintiff was given fourteen days to comply.

Plaintiff has now responded to the second Order to Show Cause. ECF No. 31. Again, however, he has not followed the Court's instructions. Instead of providing a copy of the certified mailing receipt, Plaintiff provides a tracking number, which is practically illegible. ECF No. 31 at 1. In an attempt to locate the recast complaint, the Court checked PACER to determine if Plaintiff's recast complaint was perhaps mailed to and filed in another federal court in Georgia. The Court located no other open civil action in Plaintiff's name. Additionally, the Court has attempted to read the tracking number provided by Plaintiff and track the envelope through the United States Postal Service's tracking system. Though difficult to decipher, it appears the tracking number provided by Plaintiff is 30541326Z6S305413259. ECF No. 31 at 1. According to the United States Postal Service, a label with this number has been "created," but the package is "not yet in the system." *See* https://tools.usps.com/go/TrackConfirmAction_input (last checked March 23, 2023). If this is the correct tracking number, the recast complaint has

not yet been delivered to the United States Postal Service for mailing.

In relation to the initial partial filing fee, Plaintiff provided the Court with a copy of the "Offender Miscellaneous Withdrawal Form" requesting that $14.33 be withdrawn from his inmate account. ECF No. 31-5. The form shows Plaintiff made the request on March 7, 2023 and it was approved on March 9, 2023. *Id.* The Court has not received the initial partial filing fee but finds this is sufficient to show that Plaintiff has requested prison officials to pay the initial partial filing fee. *See Wilson v. Sargent*, 313 F.3d 1315, 1321 (11th Cir. 2002). Thus, the Court would not dismiss Plaintiff's action for failure to pay the initial partial filing fee. *Id*.

But the Court dismisses Plaintiff's complaint because, despite having had almost four months to do so, Plaintiff has not filed his recast complaint. As discussed above, Plaintiff has had no problem filing numerous motions, responses, objections, affidavits, discovery material, letters, notices, and interlocutory appeals. See ECF Nos. 4; 5; 10; 6; 9; 12; 13; 16; 17; 20; 21; 24; 28; 30. Yet he has failed to file the recast complaint as ordered and failed to provide the Court with a copy of the certified mail receipt showing to where the recast complaint was mailed and who signed for it so that the Court might locate the complaint. As stated above, if the Court correctly deciphered the tracking number Plaintiff provided, the recast complaint has not, in fact, been mailed.

Due to Plaintiff's failure to follow the Court's orders and file his recast complaint, the case is hereby **DISMISSED WITHOUT PREJUDICE**.[1] Fed. R. Civ. P. 41(b);

---

[1] Plaintiff's original complaint is dated September 28, 2022. ECF No. 1 at 18. Plaintiff did not provide dates for when most of his alleged constitutional violations occurred. He provided

*Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Ctny. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 28th day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

conflicting dates regarding when he was assaulted by another inmate. First, he stated that an inmate attacked him on May 7, 2022 and, presumably, the alleged lack of medical care would have occurred sometime thereafter. ECF No. 1 at 5. If this is the case, the applicable two-year statute of limitations should not bar Plaintiff from refiling his complaint. However, later in the original complaint, Plaintiff stated he sought medical care on May 8, 2020, "and told the physician what happened on May 7, 2020." ECF No. 1 at 7. Plaintiff also states he spoke with an investigator on May 20, 2020; experienced pain and vision loss on June 14, 2020; and was cleared to return to Central State Prison on September 20 or 21, 2020 after surgery at Augusta State Medical. *Id.* at 10, 11, 14. If this is the case, many of Plaintiff's claims may have been time barred when he filed his original complaint on September 28, 2022. Thus, they would be time barred should he decide to file a new 42 U.S.C. § 1983 action. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). Plaintiff has been given specific instructions regarding how to recast his complaint and has been told on numerous occasions that his action would be dismissed for failure to file the recast complaint. ECF Nos. 3; 27; 29. Plaintiff requested and the Court granted a thirty-day extension for Plaintiff to file his recast complaint. ECF No. 14. The Court also issued two Orders to Show Cause to give Plaintiff a chance to file his recast complaint. ECF Nos. 27; 29. In short, the Court has given Plaintiff almost four months to file his recast complaint and he has still failed to do so. *See Hickman v. Hickman*, 563 F. App'x 742 (11th Cir. 2014) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862 (11th Cir. 2008) (same).