IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHARLEY JOHNSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:22-CV-360-MTT-CHW** |
| | : | |
| **Commissioner TIMOTHY WARD;** | : | |
| *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

_____

## ORDER

Plaintiff has filed a "motion to submit receipt of certified mailings to court and reconsider if dismissed without prejudice" (ECF No. 34) and an "objection and reply to court order/reconsider" (ECF No. 35). Because final judgment has been entered, Plaintiff's motions are properly characterized as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Livernois v. Med. Disposables, Inc.,* 837 F.2d 1018, 1020-21 (11th Cir. 1988) (stating a post-judgment motion for reconsideration is a motion under Rule 59(e) when the district court "must consider whether it should vacate the judgment of dismissal"). "'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)). Importantly, such motions cannot be used "'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757,

763 (11th Cir. 2005)); *accord Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)

(holding that a party attempting to introduce previously unsubmitted evidence in a motion

to reconsider, must "show that the evidence was previously unavailable").

The full procedural history of this case is shown in the Court's March 28, 2023

Order. ECF No. 32. In short, Plaintiff was ordered to file a recast complaint. ECF No.

3. Despite the Court's grant of a thirty-day extension (ECF No. 14), two show cause

orders, which gave Plaintiff additional opportunities to comply (ECF Nos. 27; 29), and

the passage of approximately four months, Plaintiff has not filed his recast complaint.

Plaintiff has stated that his complaint was forwarded to this Court by certified

mail. ECF Nos. 28; 31. Plaintiff previously provided a certified mail tracking number,

30541326Z6S305413259. ECF No. 31 at 1. Upon checking, the Court determined that a

label with that number had been created, but the United States Postal Service had not

received the envelope for mailing. ECF No. 32 at 3.

Plaintiff now provides two United States Postal Service mailing receipts. ECF

Nos. 34-1; 34-2. Plaintiff indicates he could not provide these receipts earlier because his

"sister was sick in hospital" and his fourteen-year-old niece previously provided the

incorrect tracking number. ECF No. 34 at 1; 35 at 1. The Court assumes these receipts

were not available during the pendency of the action and considers them. *Mays*, 122 F.3d

at 46. The receipts, however, provide no reason for the Court to reconsider its dismissal

of this action. To the contrary, they provide proof that the Court never received

Plaintiff's recast complaint because Plaintiff mailed the recast complaint to Atlanta, not

Macon, Georgia.

One receipt shows Plaintiff's "item was delivered to an individual at the address at 11:48 am on February 7, 2023, in ATLANTA, GA 30303 to Capitol Hill 30334.  The item was signed for by O. JONES."  ECF No. 34-1.  The other receipt shows Plaintiff's "item was delivered to the front desk, reception area, or mail room at 11:29 am on February 7, 2023 in ATLANTA, GA 30303.  The item was signed for by B. GREEN." ECF No. 34-2.

Plaintiff is well aware of this Court's address.  In fact, Plaintiff has addressed no less than fourteen envelopes to the Court, each showing "Clerk, U.S. District Court, P.O. Box 128, Macon, GA 31202."  ECF Nos. 1-2; 2-2; 4-2; 6-2; 9-2; 12-2; 16-2; 20-2; 21-1; 24-2; 30-2; 31-6; 34-3; 35-1.   Given this, the Court has no idea why Plaintiff would mail his recast complaint to Atlanta, Georgia.  Plaintiff indicates his recast complaint was delivered to the "Clerk and Attorney General."  ECF No. 34 at 1.  Plaintiff's recast complaint was clearly not delivered to the Clerk of Court for the Middle District of Georgia, located in Macon, Georgia.  It is unclear why Plaintiff would provide a copy of his recast complaint to the Attorney General.  He was not ordered to do so.  In short, if these are the certified mailing receipts for Plaintiff's recast complaint, they clearly show the complaint was not delivered to anyone at the United States District Court for the Middle District of Georgia in Macon, Georgia.  Thus, this Court did not receive Plaintiff's recast complaint for filing in this civil action.

Plaintiff's recast complaint was not mailed to this Court for filing.  Plaintiff's

motions to reconsider (ECF Nos. 34; 35) are, therefore, **DENIED**.[1]

      **SO ORDERED**, this 10th day of April, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's complaint was dismissed without prejudice.  ECF No. 32.  This means Plaintiff may file another 42 U.S.C. § 1984 action in which he raises his claims.  Should he do so, the complaint will be assigned a new civil action number.  As previously explained, Plaintiff failed to provide dates for some of his claims and provided conflicting dates for other.  *Id*. at 4-5 n.1.  Thus, it is not clear if the statute of limitations would bar any of his claims.  *Id*.  Regardless, dismissal is still appropriate as explained in this Order and the Court's March 28, 2023 Order.  *Id*.